UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| Thomas Z. LEWIS, Le'Baron BARTON, Nina BARTON, Dawn GEETER, and Pat BOYD, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 2:05-cv-352 PS |
| Joel SILVERMAN (in his official capacity as Commissioner of the Indiana Bureau of Motor Vehicles) and Mitch DANIELS (in his official capacity as the Governor of the State of Indiana), | ) ) ) ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Verified Complaint filed by Plaintiffs on September 14, 2005. The complaint arises out of a decision by the State of Indiana's Bureau of Motor Vehicles ("BMV") to close a BMV branch in Gary, Indiana that provides license services to Indiana drivers. Plaintiffs seek, among other relief, an *ex parte* temporary restraining order that would prohibit the closure of the license branch in Gary. For the reasons set forth below, Plaintiffs' request for an *ex parte* temporary restraining order is denied.

**I.     FACTS**

Plaintiffs Thomas Z. Lewis, Le'Baron Burton and Nina Burton are residents of Gary, Indiana [Doc. No. 1]. Plaintiffs Dawn Geeter and Pat Boyd conduct business in Gary, Indiana. *Id.* Defendants are the Commissioner of the Indiana Bureau of Motor Vehicles and the Governor of the State of Indiana. *Id.* Plaintiffs allege that Defendants have decided to close the BMV license branch at 1350 Broadway in Gary, Indiana (the "Gary License Branch") on September

17, 2005. *Id.* Plaintiffs do not allege when they learned of the decision to close the Gary License Branch. Plaintiffs contend that the closure of the Gary License Branch would violate the equal protection, the due process, and the commerce clauses of the United States Constitution as well as various federal statutes including 42 U.S.C. § 1981 and 1983, Title VII of the Civil Rights Act of 1964, and 42 U.S.C. 2000d. *Id.* Plaintiffs also assert that IND. CODE 9-16-1-2.5, an Indiana statute requiring a public hearing before the closure of any BMV license branch, is unconstitutional. *Id.*

According to an affidavit she filed, Plaintiffs' counsel called the Indiana Attorney General's office at 12:38 p.m. on September 14, 2005 to "put the defendants on notice" regarding Plaintiffs' complaint and request for a temporary restraining order [Doc. No. 5]. Plaintiffs' counsel left voicemails for two individuals at the Indiana Attorney General's office and indicated that she would wait to hear from them. *Id.* Plaintiffs then proceeded to file a Verified Complaint at approximately 1:49 p.m. on September 14, 2005 [Doc. No. 1]. Plaintiffs have not filed any motions for injunctive relief. In their complaint, Plaintiffs request, among other relief, an *ex parte* temporary restraining order to enjoin Defendants from closing the Gary License Branch. *Id.*

At approximately 5:40 p.m. on September 14, 2005, this Court held an *ex parte* hearing with Plaintiffs' counsel on Plaintiffs' request for a temporary restraining order ("TRO"). After hearing argument, this Court denied Plaintiffs' request.

**II.     STANDARDS**

Rule 65(b) governs requests for *ex parte* temporary restraining orders:

> "A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required . . . ."

The circumstances in which an *ex parte* order should be granted are "extremely limited." *Am. Can Co. V. Mansukhani*, 742 F.2d 314, 321 (7th Cir. 1984). An *ex parte* TRO is an "extraordinary and drastic" remedy that should only be granted upon a clear showing of need. *David White Instruments, LLC v. TLZ, Inc.*, 2002 WL 31741235 (N.D. Ill. Dec. 4, 2002), *citing Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997), *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir.1999). Its purpose is to preserve the status quo and prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 438-39 (1974). "The stringent restrictions . . . on the availability of ex parte TROs reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted to both sides of a dispute." *Id.* at 438-39. TROs should be granted *ex parte* only when notice to the adverse party is impossible, either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing, or when notice to the adverse party would render further prosecution of the action

3

fruitless. *American Girl LLC v. Nameview, Inc.*, ___ F. Supp. 2d ___, 2005 WL 1939834, *3 (E.D. Wis. Aug. 9, 2005), *citing Am. Can Co.*, 742 F.2d at 322.

"The standards governing temporary restraining orders and preliminary injunctions are identical." *Motor Werks Partners, LP v. BMW of North America, Inc.*, 2001 WL 1136145, *1 n. 1 (N.D. Ill. Sept. 24, 2001). To warrant a temporary restraining order, a plaintiff must demonstrate: (1) a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) plaintiff will suffer irreparable harm if the temporary restraining order is not granted. *See Incredible Technologies, Inc. v. Virtual Technologies, Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). If these elements are satisfied, the Court must balance the harm to the plaintiff if the restraining order is not issued against the harm to the defendant if the injunction is issued. *Id.* The balancing of harms involves a sliding scale analysis: the greater plaintiffs' chances of success on the merits, the less strong a showing they must make that the balance of harm is in their favor. *Id.* If the plaintiff fails to establish a likelihood of success, an inadequate remedy at law, or irreparable harm, then the Court's analysis ends and the injunctive relief should not issue. *See Harris v. City of Chicago*, 218 F. Supp. 2d 990, 992 (N.D. Ill. 2002).

### III.     ANALYSIS

Plaintiffs have not persuaded this Court that they will suffer immediate and irreparable harm before defendants are given notice of the action and can be heard in opposition. Plaintiffs assert that the closure of the Gary License Branch will cause them to travel approximately 30 miles to another BMV branch to receive license-related services. Yet Plaintiffs have not presented evidence that any of them will have occasion to use the Gary License Branch in the days or weeks immediately following the closure of the branch on September 17, 2005. Even if

Plaintiffs had presented such evidence, this Court does not view the inconvenience of traveling to another BMV facility, until such time as both sides may be heard, as immediate and irreparable harm.

Plaintiffs generally allege that the closure of the Gary License Branch will have a disparate impact on Gary's economy, including the loss of jobs and/or businesses who operate near the Gary License Branch.  Again, Plaintiffs have not presented sufficient evidence to convince this Court that such harm, were it to occur, would be both immediate and irreparable.  Nor have any of the Plaintiffs demonstrated how they would be harmed individually if the requested TRO was not entered before Defendants could be heard.  Because Plaintiffs have not satisfied the irreparable harm element, the Court need not address the other elements at this time, including the likelihood of Plaintiffs' success on the merits or whether Plaintiffs have an adequate remedy at law.

In addition, Rule 65(b) requires plaintiffs to certify to the court the justification for failing to provide the adverse party with notice.  Plaintiffs do not allege when they learned of the BMV's decision to close the Gary License Branch.  Plaintiffs' counsel submitted an affidavit stating that she called the Indiana Attorney General's office at 12:38 p.m. on September 14, 2005 "to put the Attorney General on notice" of Plaintiff's complaint and their request for a TRO.  Plaintiffs' counsel states that she left voicemails for two individuals in the Attorney General's office and let the receptionist know that she would wait to hear from them.  Plaintiffs then proceeded to file their complaint at 1:52 p.m. on the same day.  Thus, it appears that Plaintiffs did not attempt to notify defendants of the complaint and request for a TRO until approximately

one hour and fifteen minutes before Plaintiffs filed suit.  The affidavit from Plaintiffs' counsel does not provide sufficient justification for this Court to consider the TRO request without prior notice to defendants.  *See* Fed. R. Civ. P. 65(b)(2); *see also U.S. ex rel. $12,642.00 U.S. Currency v. Com. of Va.*, 2003 WL 23710710, *1 (E.D.Va. Dec. 10, 2003)(plaintiff failed to demonstrate a need for the court to consider a TRO motion without prior notice to the adverse parties).

Finally, the Local Rules of this Court require any party seeking a temporary restraining order to file a separate motion for such relief and a supporting brief.  *See* L.R. 65.1, Motions for Preliminary Injunctions and Temporary Restraining Orders.  Plaintiffs' failure to satisfy this requirement is an independent basis for denying their request for a temporary restraining order.  The Court urges Plaintiffs to comply with this local rule to the extent they pursue preliminary injunctive relief against Defendants.

For the foregoing reasons, Plaintiffs' request for an *ex parte* temporary restraining order is **DENIED.**

**SO ORDERED.**

ENTERED:  September 16, 2005          s/ Philip Simon
                                       PHILIP P. SIMON, JUDGE
                                       UNITED STATES DISTRICT COURT