UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THOMAS Z. LEWIS, et al., )  | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | NO.: 2:05-CV-352-PPS |
| ) | |
| JOEL SILVERMAN, et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is Plaintiffs' Rule 56(f) Motion for Continuance to Conduct Discovery to Justify Their Opposition to Defendants' Motion to Dismiss. [DE 31] Plaintiffs' motion is denied for the reasons that follow.

## BACKGROUND

Plaintiffs are African-Americans who reside and/or conduct business in Gary, Indiana. Their complaint arises out of a decision by the State of Indiana's Bureau of Motor Vehicles (BMV) to close a full-service license branch in Gary. Plaintiffs allege that the closure of the Gary branch has harmed Plaintiffs and violated some of their constitutional and statutory rights. On September 14, 2005, a few days before the branch officially closed, Plaintiffs filed a Verified Complaint against multiple defendants, including the BMV and its Commissioner. In their complaint, Plaintiffs sought injunctive relief, damages, and an *ex parte* temporary restraining order (TRO) that would restrain BMV from closing the Gary branch. The day Plaintiffs filed their complaint, the Court held an *ex parte* hearing with Plaintiffs' counsel regarding the request

for a TRO. [DE 7] After hearing argument from Plaintiffs, the Court denied the TRO request in a written order. [DE 8] Plaintiffs allege the Gary branch closed three days later.

On October 28, 2005, Defendants filed a motion to dismiss the complaint for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim upon which relief can be granted under Rule 12(b)(6). [DE 17, 18] On November 3, 2005, Magistrate Judge Cherry held a preliminary pretrial conference. [DE 20] Plaintiffs requested 60 days within which to amend their complaint and Defendants requested that discovery be stayed while their motion to dismiss was pending. Judge Cherry granted both requests. Plaintiffs filed their amended complaint on January 17, 2006. [DE 23]

Defendants filed a motion to dismiss the amended complaint on February 15, 2006. [DE 30] The alleged grounds for dismissal remained the same: lack of subject matter jurisdiction under Rule 12(b)(1) and failure to state a claim under Rule 12(b)(6). *Id*. In response, Plaintiffs filed the instant Rule 56(f) Motion for Continuance to Conduct Discovery to Justify Their Opposition to Defendants' Motion to Dismiss. [DE 31] Judge Cherry stayed briefing on the motion to dismiss pending a ruling on Plaintiffs' Rule 56(f) motion. [DE 32]

## DISCUSSION

Plaintiffs seek to continue briefing on Defendants' motion to dismiss so that Plaintiffs "might obtain crucial evidence" in discovery to support their claims. [DE 31 at 2] Plaintiffs assert that they "need the opportunity to conduct discovery to pursue evidence of disparate treatment and discrimination and other evidence related to causes of actions against the Defendants." [DE 31, Ex. A] According to Plaintiff, Defendants' motion to dismiss should be

treated as a motion for summary judgment under Rule 56 and Plaintiffs should be allowed to take discovery pursuant to Rule 56(f). [DE 31]

Plaintiffs' motion for a continuance lacks merit. Plaintiffs seek relief under Rule 56(f), which governs motions for summary judgment.[1] But Rule 56 is not at play here. Defendant seeks dismissal under Rule 12 on two grounds: 1) under Rule 12(b)(1) for lack of jurisdiction; and 2) under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. As a threshold matter, a district court cannot transform a Rule 12(b)(1) motion into one for summary judgment. *See Capitol Leasing Co. v. Federal Deposit Ins. Corp.*, 999 F.2d 188, 191 (7th Cir. 1993). Although the Federal Rules of Civil Procedure allow a Rule 12(b)(6) motion to be converted into a motion for summary judgment in certain circumstances, the rules "contain no analogous recognition that a 12(b)(1) motion can evolve into dismissal pursuant to Rule 56." *Id.*; *accord Crawford v. United States*, 796 F.2d 924, 928 (7th Cir.1986) ("The omission from the Federal Rules of Civil Procedure of a provision for converting a Rule 12(b)(1) motion into a summary judgment motion if evidence is submitted with it was not an oversight."). The Seventh Circuit has made clear that "the question of jurisdiction is inappropriate for summary judgment, and discussing the interplay of Rule 12(b)(1) and Rule 56 verges on non sequitur." *Capitol Leasing*, 999 F.2d at 191.

---

[1] Rule 56(f) is titled "When Affidavits Are Unavailable" and provides as follows: "Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just."

To be clear, Rule 12(b)(1) allows a court to look beyond the allegations of the complaint and view whatever evidence has been submitted to determine if it has subject matter jurisdiction. *Bastien v. AT&T Wireless Services, Inc.*, 205 F.3d 983, 990 (7th Cir. 2000). For instance, in a diversity case filed in federal court, the defendant may move to dismiss the case for lack of jurisdiction and submit evidence that it is legally impossible for the plaintiff to recover more than $75,000, the threshold amount in controversy under 28 U.S.C. § 1332. Plaintiffs here are free to submit evidence in opposing Defendants' Rule 12(b)(1) motion to dismiss, to the extent they believe such evidence pertains to Defendants' Rule 12(b)(1) arguments. But a stay or continuance under Rule 56(f) is neither warranted nor procedurally possible.

Plaintiffs fare no better under Rule 12(b)(6). Without question, a court shall convert a Rule 12(b)(6) motion into one for summary judgment when "matters outside the pleading are presented to and not excluded by the Court . . ." But here, Defendants' Rule 12(b)(6) motion does not present any matters "outside the pleading." FED. R. CIV. P. 12(b)(6). Neither the motion nor the brief in support attach any documents as exhibits, and the Rule 12(b)(6) section of the brief refers only to the amended complaint and case law. Plaintiffs cannot point to any document or evidence (other than the amended complaint) that Defendants present in their motion to dismiss. Plaintiffs assert that they are entitled to discovery simply because Defendants have moved to dismiss the complaint for failure to state a claim. [DE 34 at 3] This is not the law and Plaintiffs cite no authority to support their position. Moreover, even if Defendants' motion to dismiss did refer to matters outside the pleading, the Court could still exclude such matters and not convert the motion into one for summary judgment. FED. R. CIV. P. 12(b)(6).

In sum, Plaintiffs provide no legal basis for converting Defendants' Rule 12(b)(1) motion to dismiss into one for summary judgment under Rule 56. While a Rule 12(b)(6) motion may be converted in certain circumstances, those circumstances are not present here. Nowhere does the motion to dismiss point to matters outside the complaint and Plaintiffs have not shown otherwise. Although Plaintiffs urge that they need discovery in order to support their claims and to oppose Defendants' motion to dismiss, Plaintiffs need not present evidence to survive a motion to dismiss. Defendants' motion merely asks the Court to determine: 1) whether it has jurisdiction over the case; and 2) if so, whether Plaintiffs have stated a claim upon which relief can be granted, taking all of the allegations in the complaint as true and drawing all reasonable inferences in Plaintiffs' favor. If the Court determines that it has jurisdiction and that Plaintiff's complaint states a claim upon which relief can be granted, then Plaintiffs will be entitled to all of the discovery that the Federal Rules of Civil Procedure allow.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Rule 56(f) Motion for Continuance to Conduct Discovery to Justify Their Opposition to Defendants' Motion to Dismiss [DE 31] is **DENIED**. The Court **ORDERS** that Plaintiffs' response to Defendants' motion to dismiss be filed on or before July 10, 2006 and that Defendants' reply be filed on or before July 17, 2006.

**SO ORDERED.**

ENTERED: June 22, 2006

        s/ Philip P. Simon
        Philip P. Simon, Judge
        United States District Court